DIXON, Justice
(concurring).
I concur.
With respect to Bill of Exceptions No. 1, it should be noted that subpo.enas are treated in the Code of Criminal Procedure in articles 731 and 732. Article 732 is as follows :
“A subpoena may order a person to produce at the trial or hearing, books', papers, documents, or any other tangible things in his possession of under his control, if a reasonably accurate description thereof is given; but the court shall vacate or modify the subpoena if it is unreasonable or oppressive.”
The actual subpoena does not appear to be in the record: Defendant’s application for what he calls a “writ” of subpoena duces tecum is in the record; it does not name any person. It simply requests that the subpoena issue “commanding the custodian of the medical records of Milton Rutledge at the Louisiana State Penitentiary * * * ” to produce the medical' records. The defense complains that the unnamed custodian was not present in court, depriv *555 ing him of a witness to interpret the medical records.
Normally custodians of medical records are not persons able to interpret them. At any rate, a party who requires the presence of a witness must name the witness. Since no witness was subpoenaed, defendant cannot complain.